UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
SEP 1 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-376-GWU

FREDERICK A. PHILPOT,                      PLAINTIFF,

VS:                  MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Frederick Philpot brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Philpot, a 43 year-old man with an 8th grade education and no past relevant work history, suffered from impairments related to a generalized anxiety disorder, alcohol dependence in full remission, and borderline intellectual functioning. (Tr. 21-22). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 31). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 31). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 29-30).

The record reveals that Philpot was found disabled on a previous SSI application in 1991 and received benefits through July, 2000 when he was incarcerated for burglary and receiving stolen property. (Tr. 20). The plaintiff filed his current SSI application on December 7, 2001, shortly after his release from prison. (Tr. 92). This application was noted to have a protective filing date

5

of November 29, 2001. (Tr. 20). The claimant alleges a disability onset date of November 1, 1990 on his current SSI application. (Tr. 92). The proper inquiry in an application for SSI is whether the plaintiff was disabled on or after the date of his application. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, the time period relevant to this appeal runs from the November 29, 2001 filing date of the current SSI application through the September 24, 2003 date of the ALJ's final decision.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included such non-exertional limitations as (1) a limitation to simple and moderately complex instructions; (2) a restriction to object/task focused settings; and (3) an inability to tolerate more than moderate work place changes and pressures.[1] (Tr. 69). The ALJ also incorporated by reference the specific restrictions identified in Exhibit 5F which included a "moderate" limitation of ability to (1) maintain attention and concentration; (2) complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (3) interact appropriately with the general public; and (4) respond appropriately to changes in the work setting. (Tr. 167-168). Therefore, assuming that the vocational factors considered by Ellis fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the

---

[1] These were from the commentary in Exhibit 5F from Stodola's assessment. (Tr. 169).

6

Social Security Act, is precluded.

The hypothetical question fairly characterized Philpot's mental condition. A staff member at the Cumberland River Community Care Center indicated that the plaintiff would be impaired in such areas as societal/role functioning, interpersonal functioning, daily living personal care, and cognitive/intellectual functioning. (Tr. 273). The mental factors of the hypothetical question were essentially compatible with these limitations.[2] Dr. Kevin Eggerman examined the claimant and rated his Global Assessment of Functioning "GAF" at 60-65, suggesting the existence of only "mild to moderate" mental restrictions according to the American Medical Association: Diagnostic and Statistical Manual for Mental Disorders, (4th Ed.-Revised, 1994). Philpot has not asserted that the mental factors considered by Ellis were inconsistent with the "fair" restrictions identified by Dr. Eggerman which included limitations on understanding and remembering complex and moderately complex instructions, relating to co-worker and supervisors, persisting on task and tolerating work stress. (Tr. 166). As previously noted, the ALJ directly incorporated the restrictions indicated by Psychologist Edward Stodola, a non-examining medical reviewer, in Exhibit 5F.[3] These reports support the administrative decision.

Philpot argues that the ALJ erred in failing to incorporate all of the mental restrictions identified by the medical reviewers into his findings. (Tr. 31).

---

[2]Even if they were not compatible, the credentials of the clinician are unclear, making the statement non-binding. Further, a GAF score of 55, made by a staff member only two weeks later, was consistent with only moderate symptoms. (Tr. 264).

[3]Psychologist Edward Ross, another medical reviewer, identified somewhat different but not necessarily totally disabling mental restrictions. (Tr. 181-182). The ALJ, in his capacity as fact-finder, could reasonably rely upon the opinion of Stodola over that of Ross.

7

However, Ellis did at least consider all of Stodola's mental restrictions. Any error in omitting these from the findings would appear harmless.

The ALJ properly concluded that Philpot's physical complaints did not constitute a "severe" impairment. Dr. Lynnell Dupont, a non-examining medical reviewer, opined that the plaintiff's physical problems were "less than severe." (Tr. 200). No treating or examining source who saw the claimant during the relevant time period, including the staff at Pineville Community Hospital (Tr. 153-160, 227-256) specifically contradicted this opinion. Thus, it provides substantial evidence to support the administrative decision.

Philpot asserts that the ALJ erred in failing to credit the opinion of Dr. Talmadge Hays that he was totally disabled because of his status as a treating physician whose opinion would be entitled to superior weight. (Tr. 204). However, Dr. Hays issued this opinion in June of 1991, more than ten years before the pertinent time frame and during a period when Philpot had been found to be disabled. The record indicates that the doctor did not see the plaintiff after December of 1999, some two years before the relevant time period. (Tr. 212-226). Thus, Dr. Hays was not a treating source during the pertinent time frame. Therefore, under these circumstances, Dr. Hays' opinion was not entitled to superior weight.

The Court notes that Philpot submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into

8

the record in a prior proceeding . . . " 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. Sizemore, 865 F.2d at 711. Thus, the new evidence must be material and good cause must be shown why it was not previously submitted.

The medical records with which Philpot seeks a remand of the action include a report of Dr. Robert Dane dated October 24, 1991 (Tr. 289-292) and a report from Dr. Satyabrata Chatterjee dated January 28, 1991 (Tr. 293-294). Clearly, both records were compiled well before the relevant time frame and, so, do not appear to be "material" to his current status. Therefore, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the /4 day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

9